IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:12cr221-MHT |
| MARK EDWARD ELLIOTT | ) | (WO) |

OPINION AND ORDER

Defendant Mark Edward Elliott has pleaded guilty to
one count of conspiracy to distribute 500 grams or more
of a mixture or substance containing methamphetamine in
violation of 21 U.S.C. § 846 & 841(a)(1).  This matter is
now before the court on Elliott's motion for evaluation,
which essentially makes two requests: (1) a competency-
for-trial evaluation and (2) a mental-health evaluation
for sentencing purposes.  The motion will be granted.


I. Competency

"At any time after the commencement of a prosecution
for an offense and prior to the sentencing of the
defendant, ... the defendant ... may file a motion for a

hearing to determine the mental competency of the defendant." 18 U.S.C. §4241(a). "The court shall grant" such motion "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Id. The court may order a defendant to be committed for a reasonable period to the custody of the Attorney General to be placed in a suitable Bureau of Prisons facility for a competency examination. 18 U.S.C. §§ 4241(b); 4247(b).

In this case, based upon the representations made by counsel for Elliott in his motion for evaluation and during a conference call held on the record on June 12, 2014, the court concludes that there is reasonable cause to believe Elliott may not be competent. Specifically, counsel for Elliott indicates that she "questions whether Elliott's mental state and condition would preclude him

from being competent to stand trial and for purposes of sentencing," Motion for Mental Evaluation (Doc. No. 573) at 1, based in part on Elliott's repeated pro se filings in this case, head trauma he has apparently suffered while incarcerated during the pendency of this case, reported lifelong history of drug abuse, and allegations that he committed sexual assault.

The government has no objection to a competency evaluation and a competency hearing.  The court will, therefore, order the Bureau of Prisons to do a competency evaluation of Elliott, and, after receipt of the evaluation, the court will hold a hearing.

## II. Presentence Study

During a conference call held on the record on June 12, 2014, counsel for Elliott indicated that she is also requesting the evaluation for the purpose of assisting the court in fashioning an appropriate sentence if Elliott is found competent.  The court construes this

3

request as a motion for a presentence study pursuant to 18 U.S.C. § 3552(a).

"Although district courts are no longer bound to follow the Sentencing Guidelines after United States v. Booker, 543 U.S. 220 (2005), they still must consult the Guidelines and take them into account when sentencing defendants."  United States v. Todd, 618 F. Supp. 2d 1349, 1352-53 (M.D. Ala. 2009) (Thompson, J.).  The court must calculate the applicable range of sentences recommended by the Guidelines.  The court may then decide to impose a sentence outside of the Guidelines system, commonly known as a "variance."

The court is bound, however, to impose a sentence that is reasonable.  The factors set for in 18 U.S.C. § 3553(a) guide the court's determination of the reasonableness of a sentence.  Those factors are (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to punish the offender, protect the

4

public from the defendant, rehabilitate the defendant,
deter others, and provide medical care; (4) the kinds of
sentences available; (5) the sentencing range established
by the Sentencing Guidelines; (6) any pertinent policy
statements issued by the Sentencing Commission; (7) the
need to avoid unwarranted sentence disparities among
defendants with similar records who have been found
guilty of similar conduct; and (8) the need for
restitution.  18 U.S.C. § 3553(a).

U.S. Probation officers routinely prepare presentence
investigation reports to assist the court during
sentencing pursuant to 18 U.S.C. § 3552(a).  However,
§ 3552(b) also authorizes the court to order a "study of
the defendant" if it "desires more information than is
otherwise available to it as a basis for determining the
sentence to be imposed."  18 U.S.C. § 3552(b).

While, ordinarily, a § 3552(b) study "shall be
conducted in the local community by qualified
consultants," the statute also authorizes the court to

order that the study be done by the Bureau of Prisons
upon the finding of "a compelling reason." 18 U.S.C. §
3552(b).   In this case, the court finds that the fact
that Elliott will already be committed to Bureau of
Prisons custody for the purposes of a competency
evaluation constitutes a compelling reason to order that
the § 3552(b) study be conducted by the Bureau of Prisons
as well.   Moreover, Elliott himself has asked that the
evaluation be done by the Bureau of Prisons.


                              ***

     Accordingly, it is ORDERED that the motion for a
mental health evaluation (doc. no. 573) made by defendant
Mark Edward Elliott is granted.

     Furthermore, pursuant to 18 U.S.C. §§ 4241(b) and
§ 3552(b), it is ORDERED as follows:

     (1) Pursuant to the provisions of 18 U.S.C. §§ 4241
and 4247(b) & (c), the United States Marshal for this
district shall immediately remove defendant Elliott to

the custody of the warden of an appropriate institution as may be designated by the Attorney General, where he is to be committed for the purpose of being observed, examined, and treated for a period not to exceed 30 days by one or more qualified psychiatrists or psychologists at the institution.  The 30-day period shall be counted from the day defendant Elliott arrives at the designated institution.

(2) Pursuant to 18 U.S.C. § 4247(c), the examining psychiatrists or psychologists conducting the mental examination of defendant Elliott shall report in writing to this court within 45 days from the date of defendant Elliott's arrival at the institution as to their findings, opinions, and conclusions relative to the competency or incompetency of defendant Elliott.

(3) Furthermore, pursuant to 18 U.S.C. § 3552(b), the examining psychiatrists or psychologists shall evaluate defendant Elliott's psychological condition for the purposes of sentencing and shall include their findings

7

in either the competency evaluation or in a separate report to be presented to this court at the same time as the competency evaluation.  In particular, the report or reports shall address:

(A) Defendant Elliott's psychological condition, particularly as it may relate to his repeated pro se filings in this case, head trauma he has reportedly suffered while incarcerated during the pendency of this case, his reported lifelong history of drug abuse, and allegations that he committed sexual assault; and

(B) Any other matters the Bureau of Prisons believes are pertinent to the factors set forth in 18 U.S.C. § 3553(a).

DONE, this the 13th day of June, 2014.

        /s/ Myron H. Thompson        
    UNITED STATES DISTRICT JUDGE