IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:12cr221-MHT |
| | ) | (WO) |
| MARK EDWARD ELLIOTT | ) | |

OPINION AND ORDER

This case is before the court on defendant Mark Edward Elliott's motion for compassionate release. For the reasons set forth below, the motion will be denied without prejudice.

Elliott seeks compassionate release under 18 U.S.C. § 3582(c)(1), which authorizes a court to modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf *or* the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Section 571.61 of Bureau of Prisons (BOP) Program Statement 5050.50 requires that the prisoner seeking compassionate release (or another person acting on his behalf, *see* BOP Program Statement 5050.50 § 571.61(b)) submit to the Warden a request for the BOP to file a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). "An inmate may initiate a request for consideration under 18 U.S.C. ... 3582(c)(1)(A) only when there are particularly extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing." BOP Program Statement 5050.50 § 571.61.  Also, the request must contain the following information:

> "(1) The extraordinary or compelling circumstances that the inmate believes warrant consideration.
>
> "(2) Proposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment."

*Id.*

Defendant Elliott's administrative requests to the warden contained none of these details. Elliott did not list the health concerns he now contends are grounds for his sentence reduction (the lingering impact of hepatitis-C, cancer, high blood pressure, various symptoms of COVID-19 infection) and did not detail his proposed release plans. *See* Administrative Requests (doc. no. 942-6, 942-7).  The court feels that, in this case, the BOP should have an opportunity to consider these issues before the court considers his motion.

***

Accordingly, it is ORDERED that defendant Mark Edward Elliott's motion for compassionate release (doc. no. 928) is denied without prejudice.

DONE, this the 22nd day of September, 2020.

      /s/ Myron H. Thompson  
   UNITED STATES DISTRICT JUDGE